UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| YEVGENI OSTROVSKI,<br><br>                Plaintiff,<br><br>  v.<br><br>JOHNNY BROUSSARD, SYLVIE LABATO,<br><br>                Defendant. | No. C13-5421 BHS/KLS<br><br>**REPORT AND RECOMMENDATION**<br>Noted for:  October 11, 2013 |

Before the Court is the Motion to Dismiss of Defendants Johnny Broussard and Sylvie Labato, employees of the Northwest Detention Center (NWDC).  ECF No. 17.  Mr. Ostrovski filed no papers in opposition[1].  His failure to do so may be considered by the Court as an admission that the Defendants' motion has merit.  Local Rule W.D.Wash. CR 7(b)(2).  Defendants filed a reply.  ECF No. 20.  Having carefully considered the motion and balance of the record, the Court recommends that Defendants' motion be granted.

**BACKGROUND**

Mr. Ostrovski was detained at the NWDC from March 11, 2013 until approximately August 12, 2013.  ECF No. 4 (Complaint), p. 3; ECF No. 8 (Notice of Change of Address).  Mr. Ostrovski alleges that on April 4, 2013, he requested an upper gum foam form so that the medical unit could order upper dentures for him.  *Id*.  Instead of providing Mr. Ostrovski with dentures, the medical unit offered him Ibuprofen to reduce his pain.  *Id*. at p. 4.  After NWDC

---

[1] Mr. Ostrovski left the NWDC at the same time Defendants filed their motion.  Defendants mailed a copy of their motion to Mr. Ostrovski at the NWDC on August 9, 2013 and to his new address on August 13, 2013, one day after Mr. Ostrovski's change of address was posted on the docket.  ECF Nos. 22 and 23 (Declaration of Tracy Ung).

REPORT AND RECOMMENDATION - 1

staff explained to Mr. Ostrovski that dentures were not provided at the center, he filed a grievance. *Id*. at 3. Mr. Ostrovski alleges that Ms. Sylvie Labato denied his grievance shortly thereafter. *Id*. On June 10, 2013, Mr. Ostrovski filed his federal complaint herein. ECF No. 4.

## STANDARD OF REVIEW

In reviewing a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court may grant a dismissal for failure to state a claim "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Keniston v. Roberts*, 717 F.2d 1295, 1300 (9th Cir. 1983) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 [1957]). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations of the complaint are taken as admitted and the complaint is to be liberally construed in favor of the plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969), *reh'g denied*, 396 U.S. 869 (1969); *Sherman v. Yakahi*, 549 F.2d 1287, 1290 (9th Cir. 1977).

Where a plaintiff is proceeding *pro se*, his allegations must be viewed under a less stringent standard than allegations of plaintiffs represented by counsel. *Haines v. Kerner*, 404 U.S. 519 (1972), *reh'g denied*, 405 U.S. 948 (1972). While the court can liberally construe a plaintiff's complaint, it cannot supply an essential fact an inmate has failed to plead. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992) (quoting *Ivey v. Board of Regents of University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982)).

## DISCUSSION

A complaint alleging constitutional violations by federal officers in their individual capacity may be maintained under *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). However, to state a claim under *Bivens*, a plaintiff must

REPORT AND RECOMMENDATION - 2

specifically allege that each individual defendant directly violated his or her constitutional rights. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("[b]ecause vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution").

Mr. Ostrovski alleges no facts specific to Defendant Broussard to establish that Defendant Broussard personally violated any of his constitutional rights. As to Defendant Labato, Mr. Ostrovski alleges only that she denied his grievance relating to his request for dentures. However, denial of a prisoner's administrative grievance does not constitute the required personal participation under a *Bivens* theory. *Abdallah v. Cohen*, 481 Fed.Appx. 409, 410, 2012 WL 4358183 (9th Cir. 2012); *see also George v. Smith*, 507 F.3d 605, 609-610 (7th Cir. 2007) ("Only persons who cause or participate in the violations are responsible. [Citations omitted.] Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation. A guard who stands and watches while another guard beats a prisoner violates the Constitution; a guard who rejects an administrative complaint about a completed act of misconduct does not."); *Riley v. Dunn*, Not Reported in F.Supp.2d, 2011 WL 4940855 (C.D.Cal. 2011) ("A prison official's denial of an inmate's grievance or appeal from a misconduct finding generally does not constitute significant participation in an alleged constitutional violation sufficient to give rise to personal liability.") Holding a prison official personally responsible for damages simply because he is familiar with a prisoner's circumstances through communications with the prisoner is such a broad theory of liability that it is inconsistent with the personal responsibility requirement for assessing damages against public officials. *Crowder v. Lash*, 687 F.2d 996, 1005-1006 (7th Cir. 1982).

REPORT AND RECOMMENDATION - 3

Mr. Ostrovki fails to allege facts relating to the conduct of Defendants Broussard or Sylvie Labato which may be construed as a constitutional violation. He has also not identified any amendment that could overcome the deficiencies of his legal claim against these defendants. Thus, leave to amend need not be granted as it would be futile. *Bowles v. Reade,* 198 F.3d 752, 757-58 (9th Cir. 1999).

## CONCLUSION

The undersigned recommends that Defendants' motion to dismiss (ECF No. 17) be **Granted** and Plaintiff's claims against Defendants Broussard and Labato be dismissed with prejudice without leave to amend.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **October 11, 2013**, as noted in the caption.

**DATED** this  17th  day of September, 2013.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4